UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____
                              )
In Re                         )
                              )
    Yvette A. Shope          )
        debtors              )    BK# 2-19-20059-PRW
                              )    Chapter 13
_____)
**Yvette A. Shope,**           )
                              )
        Plaintiff,           )
                              )
vs.                           )
                              )    Adv No:
**County of Chemung**          )
                              )
        Defendant            )
_____

## COMPLAINT

**AND NOW**, comes the plaintiff, Yvette A. Shope, by and through her attorney Charles E. Andersen an hereby complains as follows:

### NATURE OF THE ACTION

1. This is an adversary proceeding by the plaintiff against the County of Chemung (the "Defendant"), to avoid actual, constructive and involuntary fraudulent pre-petition transfers of Debtor's property to the Defendant.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, and is related to the Chapter 13 case, *In re Yvette A. Shope*, pending in the United States Bankruptcy Court for the Western District

of New York, No. 19-20059.

3. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

4. Venue is proper is this District pursuant to 28 U.S.C. § 1409(a).

5. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PARTIES

6. The plaintiff is a private individual residing at 920 Grove St., Elmira NY in Chemung County, State of New York.

7. The defendant is the County of Chemung of the State of New York acting by and through the Chemung County Treasurers Office and their attorneys.

## FACTUAL BACKGROUND

8. On January 21, 2019, the plaintiff filed a bankruptcy case under Chapter 13 of the bankruptcy code.

9. Plaintiff listed on her schedules property she lives on at 920 Grove St., Elmira NY 14901 claiming an equitable interest in the property

10. Plaintiff values the property at $90,000.

11. Plaintiff has claimed a homestead exemption in the property on schedule C.

12. The defendant foreclosed plaintiffs legal ownership interest in the premises by Judgment dated February 18, 2018 and recorded a deed transferring property into the name of the County of Chemung on July 12, 2018 for back property taxes in the amount of $9,650.71.

13. At the time of the transfer of the deed the plaintiff owned the property at 920 Grove St. in Fee Simple and claimed it as a homestead.

14. The only other outstanding liens on the property where a judgment lien in the amount of $2650 by Arnot Ogden Medical Center, and a judgment lien in the amount of $8460 by Ally Financial.

15. At the time of the involuntary transfer of the property to the County of Chemung for back property taxes in the amount of $9650.71, Plaintiff had approximately $70,000 in equity in the property and the value the defendant received in exchange for the $9,650 debt was approximately $90,000.

16. The debtor was insolvent at the time of the transfer in that debtor owed over $29,000 in debt whileas in a Chapter 7 liquidation creditors would receive only $5,295.

17. The debtor has made a request on the trustee to exercise avoidance powers in this matter and the trustee has failed to take the required action.

### COUNT ONE

### Avoidance and Recovery of Actual Fraudulent Transfers
### Pursuant to §§ 548(a)(1)(A) and 550 of the Bankruptcy Code

18. Upon the trustees failure to exercise avoidance powers under 11 U.S.C.A. sec 548 the courts delegate the trustees avoidance powers under 11 U.S.C.A. 548 directly to the debtor. See Thacker v. United States Lending Corp., 256 B.R. 724, 728 (Bankr. W.D. Ky. 2000); In re Bonner, 206 B.R. 387, 388 (Bankr. E.D. Va. 1997) (holding that either trustee or debtor may exercise hypothetical lien creditor's rights and render a secured creditor unsecured); In re Reese, 194 B.R. 782, 787 (Bankr. D. Md. 1996) (indicating that inaction by trustee was held by same court in prior opinion to be "'limited situations [where] courts have allowed Chapter 13 debtors to exercise avoidance rights'") (quoting Barclays Am. Mortgage Corp. v. Wilkinson (In re Wilkinson), 186 B.R. 186, 191 (Bankr. D. Md. 1995)); Rich v. Q.T.S. Corp. (In re Rich), No. 92 B23792, 93 A976, 1994 WL 527161, *2 (Bankr. N.D. 111. 1994) (stating that inaction by the Chapter 13 trustee paves road to allowance of standing on part of debtor to seek avoidance action); Hernandez v. Cantu (In re Hernandez), 150 B.R. 29, 30 (Bankr. S.D. Tex. 1993) ("Chapter 13 debtor has standing to assert the trustee's avoidance powers in their entirety") (quoting McKeever v. McClandon (In re McKeever), 132 B.R. 996, 1004 (Bankr. N.D. 1Il. 1991)

and citing Robinson v. Taylor (In re Robinson), 80 B.R.455 (Bankr. N.D. 111. 1987)) (note that McKeever is a Chapter 7 case that references the holdings in In re Einoder and In re Robinson to illustrate that the Chapter 13 reasoning in these cases, though valid, are distinguishable from analysis in a Chapter 7 case); Little v. Duncombe (In re Duncombe), 143 B.R. 243, 245 (Bankr. C.D. Cal. 1992) (stating that the court follows the majority view to allow Chapter 13 debtors § 544 avoidance powers); Reece v. Scharf (In re Reece), 117 B.R. 480, 482 (Bankr. E.D. Mo. 1990) (finding that the absence of any action by the trustee confers power on the debtor to exercise § 548 avoidance power); Aikens v. City of Philadelphia (In re Aikens), 100 B.R. 729, 732 (Bankr. E.D. Pa. 1989) (agreeing with the bankruptcy court that unperfected lien "is vulnerable to attack by the debtor, standing in the shoes of the trustee under § 545(2)"); Annis v. First State Bank of Joplin, 96 B.R. 917, 919 (Bankr. W.D. Mo. 1988) (analyzing the elements of avoiding a particular transfer at issue-debtor standing to bring the action is not even discussed-by inference, debtor has avoidance power). Freeman v. Eli Lilly Fed. Credit Union (In re Freeman), 72 B.R. 850, 854 (Bankr. E.D. Va. 1987) (holding chapter 13 debtor may exercise trustee avoidance powers where trustee fails to act).

19 The debtor repeats, realleges, and incorporates, as though fully set forth herein, paragraphs 1 through 17.

20. Pursuant to 11 USCA sec 548 the debtor seeks to avoid the pre-petition tax foreclosure sale of her property as fraudulent.

> § 548. Fraudulent transfers and obligations
> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-- (if)
> > (B) (i) received less than a reasonably equivalent value in exchange for

such transfer or obligation; and

(ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

18. As stated herein, the debtor was both insolvent on the date of the transfer and or the date of the obligation, and the transfer was for less than fair market value, and the transfer was incurred within two years of the filing.

19. 1984 amendments to 11 USCA Sec 548(a) clearly establish that foreclosures on Chapter 11 debtors by state for tax lien is an avoidable transfer because revision explicitly includes "involuntary" transfers; in case under earlier version of action. Bankruptcy Court takes 1984 version as clarification of meaning of pre-1984 version, and thus debtors may avoid tax foreclosure by state. *In re Louis L. Lasser & Stanley M. Kahn* (1986,BC ED NY) 68 BR 492.

WHEREFORE, the Plaintiff demands the following relief,

1. That the court set aside the pre-petition tax foreclosure sale and deed.
2. For such other relief as the court deems just and proper.

Dated: January 31, 2019                /s/Charles E. Andersen
                                       Attorney for Yvette A. Shope
                                       100 N. Main Street, Suite 310B
                                       Elmira, NY 14901
                                       607-339-8669